# UNITED STATES BANKRUPTCY COURT

# FOR SOUTHERN DISTRICT OF NEW YORK

**Tomas Espinosa, Esq.**
**8324 Kennedy Blvd. -2nd Fl.**
**North Bergen, New Jersey 07047**
**Admitted N. Y. Bar & Admitted N. J. Bar**
**Tel:(201)-223-1803 / Fax(201) 223-1893**
**Email: te@lawespinosa.com**
**Email:attespinosalawfirm@gmail.com**
**Attorney for debtor**

---------------------------------------------------x

**IN RE :**
**SIMON ZAROUR DEBTOR**                    **CHAPTER  11**
                                            **CASE NO. 18-22380-RDD**

---------------------------------------------------
**SIMON ZAROUR,**

**Plaintiff**                               **Complaint**
           V.                                **Adv. Pro. No.____**
**U.S BANK, NATIONAL ASSOCIATION**
**AS LEGAL TITLE TRUSTEE FOR**
**TRUMAN 2016 SC6 TITTLE TRUST,**

     **Defendant**
-------------------------------------------------------

**COMPLAINT FOR A DECLARATORY JUDGMENT VOIDING A LIEN PURSUANT TO 11 U.S.C. § 362 AND 11 U.S.C. § 506(D); OBJECTION TO PROOF OF CLAIM FILED PURSUANT TO FRBP 3004; COMPLAINT PURSUANT TO 11 U.S.C. § 506(A), (B), AND (C) AND FRBP 3012 TO DETERMINE THE VALUE OF SECURITY; COMPLAINT FOR DAMAGES INCLUDING ACTUAL, STATUTORY, AND PUNITIVE DAMAGES; AND FOR FRAUD ON THE COURT**

Here comes Simon Zarour Debtor by his attorney Tomas Espinosa Esq. and by way of complaint in adversary proceedings a state and says:

1

# INTRODUCTION

1. This complaint is brought by plaintiff pursuant to 11 U.S.C. Section 506(a), (b), and (c) and Rule 3012 of the Federal Rules of Bankruptcy Procedure to determine the value of the interest of the defendant in a certain residential real estate belonging to plaintiff, located at 5-06 Elizabeth Street, Fair Lawn Borough, Bergen County, New Jersey, and to determine the amount of the allowed secured claim of the defendant, if any.  The property located at this street address consists of **two** properties, with separate deeds, separate HUD statements, separate tax bills, and more things separate.  One of the properties is identified as lots 20 & 21 (not part of the mortgaged property and with no liens), the other as lots 22 & 23 (the mortgaged property).  Further, under 11 U.S.C. § 506(d), plaintiff alleges that defendant U.S. Bank, N.A., as legal title trustee for the Trump 2016 SC6 Title Trust (hereinafter U.S. Bank), engaged in fraudulent conduct by: (1) filing a state action on debtor's lots 20 & 21, that are not part of Countrywide mortgage, during a bankruptcy stay in violation of federal bankruptcy law (11 U.S.C. § 362); (2) filing a proof of claim by attaching its judgment of lots 22 and 23 only and simultaneously claiming in state court that the debtor's lots 20 & 21 were part of the mortgage; and (3) filing a motion to lift the bankruptcy stay using its judgment against lots 22 & 23 and its fraudulently obtained judgment against the debtor's lots 20 & 21, that were not part of the mortgage property because they did not have a valid judgment against lots 21 & 22.  U.S. Bank has been proceeding in a state court to obtain a judgment for lots 20 & 21 **without** lifting the stay against them.

2

2. Plaintiff seeks to void defendant's claim pursuant to **11 U.S.C. § 506(d)** [**(d)** To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless—

    **(a)** such claim was disallowed only under § 502(b)(5) or 502(e) of this title; or

    **(b)** such claim is not an allowed claim due only to the failure of any entity to file a proof of such claim under § 501 of this title.]. In the alternative, the plaintiff seeks to determine the value of his claim pursuant to *11 U.S.C. § 506(a), (b)*, and (c) and FRBP 3004 because Countrywide Bank did not file a notice of settlement on the mortgaged property nor on debtor's lots 20 & 21. Plaintiff seeks actual damages consequent to his being unlawfully evicted from his property including but not limited to loss of rent, undermining of his efforts to perform repairs, and devaluation of the property. He further seeks statutory damages pursuant to *11 U.S.C. § 362(k), 11 U.S.C. § 105(a), Fedr. Bank*, and punitive damages; and alleges fraud on the state Court by U.S. Bank.

## PARTIES

3. Plaintiff Simon Zarour was the debtor in a Chapter 13 proceeding, Bankruptcy Case Number 18-22380-RDD. He lives at 231 McNamara Road, Spring Valley, New York 10977. Plaintiff is the borrower/mortgagor for lots 22 & 23 (as is made clear below).

4. Defendant U.S. Bank, N.A., is the creditor in Bankruptcy Case Number 18-22380-RDD.

## JURISDICTION

5. Plaintiff alleges that this is a core proceeding as defined by 28 U.S.C. § 157(b)(2) of Title 28 of the United States Code in that it concerns claims and matters arising out of the administration of Bankruptcy Case Number 18-22380-RDD, and out of rights duly

3

established under Title 11 of the United States Code and other applicable federal law including 28 U.S.C. § 157(b)(2) (A), (B), and (K).

6. Plaintiff alleges that this Court has both personal and subject matter jurisdiction to hear this case pursuant to § 1334 of Title 28 of the United States Code and Section 157(b)(2) of Title 28 of the United States Code. Among other grounds, U.S. Bank has perpetrated a fraud on this Court by presenting its purported proof of claim. Among other grounds, U.S. Bank has perpetrated a fraud on this Court by presenting its purported proof of claim; among other issues, such claim was barred subsequent to 31 December 2018.

**STATEMENT FACTS RELATIVE TO ALL CAUSES OF ACTION**

7. On 13 July 2017 plaintiff Simon Zarour executed and delivered a note for the benefit of Countrywide Bank FSB in the sum of $360,000 payable over 30 years. Monthly installments were $2,435.36, which included an interest rate of 9% per annum. This note was to secure a mortgage of even date of lots 22 and 23 for the address of 5-06 Elizabeth St. Fairlawn N. J.

8. The security for this mortgage was lots 22 & 23 (the mortgaged property), which was deeded on the same date (July 13, 2017) and recorded with the Bergen County Clerk on August 27, 2007 in the mortgage book 169508, page 352-372.

9. On the same date, July 13, 2017, plaintiff Simon Zarour purchased an adjacent property with a separate HUD-1 Statement and a separate deed, this being for debtor's lots 20 & 21, located at the same address of 5-06 Elizabeth St, Fairlawn N. J. for $1 consideration to the seller. There was no mortgage to this property.

10. On August 1, 2008 plaintiff Zarour defaulted on making payments on the note secured by the mortgage on lots 22 and 23.

11. Countrywide Bank (Originator) filed its Foreclosure complaint on February 20, 2009, docket number F–9704-09, for the mortgaged property lots 22 and 23 which was later was dismissed for lack of prosecution.

12. On June 23, 2010 Plaintiff filed in the Bergen County Clerk's Office an Engineer's Corrector Deed clarifying that lots 22 & 23 were the description for the mortgaged property.

13. Countrywide bank assigned its mortgage to Bank of America and later Bank of America assigned the mortgage to Christiana Trust, a division of Wilmington Savings Fund, which filed its complaint for Foreclosure on September 17, 2015, Docket F-031750-15, attaching the Countrywide recorded mortgage on lots 22 and 23 dated August 27, 2007, book 16950 at pages 352-372.

14. U.S. Bank filed its assignment of mortgage from Christiana Trust, a division of Wilmington Savings Fund, dated November 30, 2016, describing the mortgaged property as lots 22 & 23 and referencing Countrywide's recorded mortgage of lots 22 and 23.

15. U.S. Bank filed for summary Judgment and received a final judgment on April 6, 2017. The motion and the judgment both referenced the Countrywide recorded mortgage dated August 27, 2007, book 16950 at pages 352-372, which provided that only lots 22 & 23 were mortgaged.

16. On March 12, 2018, plaintiff who was the defendant in the foreclosure action, filed a Chapter 13 proceeding, in the United States Bankruptcy Court, for the Southern District of New York, White Plains vicinage Bankruptcy Case Number 18-22380-RDD, converted to Chapter 11 on June 19, 2018.

17. On May 21, 2018 U.S. Bank filed its proof of claim #11, attaching to this proof of claim its assignment of mortgage and lis pendens, and mortgage filed with the Bergen County Clerk's office. The proof of claim pages 46, 47, 48 of 51 pages, stated that the mortgage lots of 22 and 23 were the mortgaged property only.

18. On May 22, 2018 the Appellate court of New Jersey rendered its decision in violation of the automatic stay, and that decision should be vacated.

19. On June 26, 2018 U.S. Bank filed its motion to lift the stay, which was granted on September 17, 2018. The motion was granted based on the attachments of their assignment of mortgage, recorded mortgage, and certifications that included only lots 22 & 23. These were the same lots identified in the U. S. bank proof of claim.

20. On September 5, 2018, Bruce Bronson (previous counsel of Zarour) filed his opposition papers and additionally stated at Oral argument at the hearing proceedings the attention of the court, that there were 2 properties. The 1st property comprising of lots 22 and 23 that was montaged to Countrywide and assigned to the defendant U.S. Bank and the other property comprised of lots 20 and 21 owned by plaintiff without any mortgage on it and that the property of U.S. Bank was encroaching with its building on the property of plaintiff of lots 20 and 21. see below the referenced **Exhibits 13 and 14** attached hereto.

21. On November 26, 2018, Simon Zarour, Debtor, filed a letter with the Bankruptcy Court outlining all the issues concerning the lots 20 & 21 which were not mortgaged to U.S. Banks mortgage and the encroachment of the structure of the house located on lots 22 & 23 that encroached Debtors property lots 20 and 21.

6

22. On August 19, 2019 Zarour notified the Bergen County Sheriff and U.S. Bank of the immediate problems with the encroachment, this being prior to U.S. Bank selling lots 22 & 23, (sold to themselves) the lots that were mortgaged by the Countrywide.

23. U.S. Bank ignored Zarour's August 19, 2019 letter. The sheriff's deed to U. S bank only describes the transfer property as lots 22 & 23.

24. On July 6, 2020 U.S. Bank filed its Quiet Title action Docket # C-125-20 Complaint in the Superior Court of New Jersey Bergen County, in its complaint claiming that lots 20 and 21 were part of the mortgaged property of Countrywide despite all the overwhelming material facts and document that prove otherwise.

25. The following documents below are here attached as exhibits showing that lots 22 and 23 were the mortgaged property to Countrywide bank that was assigned ultimately to the defendant U. S. bank by a series of intermediate assignments.

26. **Exhibit 1**, 2015 complaint, judicial notice of U.S. Bank's lender's live settlement services showing lots 22 & 23 only;

27. **Exhibit 2**, Countrywide recorded mortgage**;**

28. **Exhibit 3**, separate deed for lots 22 & 23 for $450,000 consideration — deposit of $360,000, recorded Countrywide mortgage; and separate deed for debtor's lots 20 & 21 for $1 consideration**:**

29. **Exhibit 4**, Engineer's Corrector Deed clarifying lots 22 & 23;

30. **Exhibit 5**, U.S. Bank's assignment of mortgage dated 11/30/2016, stating lots 22 & 23;

31. **Exhibit 6**, lis pendens filed in Bergen County on 11/10/2015;

32. **Exhibit 7**, U.S. Bank's notice of motion for final judgment filed on 03/08/2017;

7

33. **Exhibit 8**, U.S. Bank's actual final judgment, page 2 of 3 of U.S. Bank's certification for sheriff's deed in foreclosure;

34. **Exhibit 9**, U.S. Bank's 08/02/2019 writ of execution;

35. **Exhibit 10**, U.S. Bank's sheriff's deed 06/15/2019, stating lots 22 & 23;

36. **Exhibit 11**, Zarour's list of properties, separating lots 20 & 21 with zero mortgage, filed and dated 8/29/18 in Zarour's Chapter 11 bankruptcy (case # 18-22380-rdd);

37. **Exhibit 12**, proof of claim and assignment of mortgage pages 46, 47, and 48 of 51 pages; U.S. Bank's documents used for its assignment of mortgage and lis pendens, and for the mortgage filed with the county for the lifting of the stay, and in Zarour's bankruptcy proceeding, Claim #11, on 05/21/18

38. **Exhibit 13**, Zarour's reply brief filed by his previous bankruptcy attorney Bruce Bronson, dated September 5, 2018 — paragraph #4 states "Rushmore contends that the property is worth $305,000; however, debtor believes that the value is much less due to the various issues with the structure located on the property which encroaches a nearby property owned by debtor that is not encumbered by the note and mortgage." See Exhibit A — Report of Soli Foger;

39. **Exhibit 14**, on page 2 of the transcript lines 12 and 13, defendants previous bankruptcy attorney at that time, Bruce Bronson, brought to the attention of the court that the mortgaged property "happens to be next to another property that he owns as well"; clearly before the bankruptcy court there was the distinction that there were two separate properties that happened to have the same.  Mr. Bronson was not contradicted by plaintiff's bankruptcy attorney at that hearing.  Rightfully so, because plaintiff was very aware that their proof of claim was for only lots 22 and 23;

40. **Exhibit 15**, 2018 motion to lift the stay granted on 09/17/2018, which was based on the assignment in **Exhibit 12,** proof of claim assignment of mortgage pages 46, 47, and 48 of 51; it did **not** lift the stay on Zarour's unencumbered lots 20 & 21 because those were and are part of the debtor's estate;

41. **Exhibit 16**, In re Simon Zarour, case No. 18-22380-rdd.  In a letter, Zarour brought to the attention of the Court that there were two properties (lots 20 & 21) with the same street address as the mortgaged property, but that were **not** subject to the mortgage;

42. **Exhibit 17**, two separate HUD statements, one for lots 20 & 21, one for lots 22 & 23;

43. **Exhibit 18**, Zarour's letter to the sheriff, dated August 19, 2019, that shows that Zarour has been specific as to the two separately deeded properties; one subject to the subject mortgage and one owned free and clear by Zarour with no mortgage;

44. **Exhibit 19**, U.S. Bank's purported title policy;

45. **Exhibit 20**, Zarour's title policy;

46. **Exhibit 21**, Fairlawn municipality tax bills designating lots 22 & 23 to U.S. Bank and separately designating lots 20 & 21 to Zarour;

47. **Exhibit 22**, a survey.  Looking at the survey of the subject lots is another prime example how lots 20 & 21 are deeded separately and demonstrate that the subject mortgage was with respect to lots 22 & 23, and that the structure on those lots encroaches on Zarour's unencumbered lots;

48. **Exhibit 23**, Fairlawn proof of claim for debtors' (Zarour's) taxes owed on lots 20 & 21;

49. **Exhibit 24**, computer printout statement from town of Fairlawn tax department, copy of outstanding taxes owed by debtor (Zarour) on lots 20 & 21;

50. **Exhibit 25**, letter to Judge Drain;

51. **Exhibit 26,** letter to U.S. Bank's lawyer;

52. **Exhibit 27**, Edward Evans's (previous closing attorney with respect to the subject mortgage) clarification of the debtor's (Zarour's) lots 20 & 21 being unencumbered by the Countrywide mortgage;

53. **Exhibit 28**, 2009 Countrywide complaint referencing recorded mortgage of lots 22 & 23 only;

54. **Exhibit 29**, second purported title policy used U.S. Bank in State Court Court proceedings; it clearly demonstrates fraud, deception, and misrepresentation to the state court of a previous policy, dated 2/15/2007, for the amount of $390,000, which was the previous owner's title policy.

55. These documents prove that the lift stay order addressed only the mortgaged property to U. S. Bank for lots 22 and 23 and not lots 20 and 21 that were never the property subject to the mortgage of U S bank and that in seeking an action to quieting title in state court the defendant violated 11 U S C section 362 seeking to extend the foreclose and judgment on a property for which the defendant is not the mortgagee. Interfering and violating the protected property of the chapter 11 debtor.

## FIRST CAUSE OF ACTION

### (VIOLATION OF 11 U.S.C. § 362 AND FRAUD ON THE STATE COURT)

56. Plaintiff repeats and incorporates all paragraphs prior stated above and the exhibits listed in those paragraphs.

57. 11 U.S.C. § 362, (a), (4) states that "any act to create, perfect, or enforce a lien against property of the estate". This stays any attempt by the defendant against lots 20 and 21 in the action to quiet the title and foreclose on lots 20 and 21.

10

58. U.S. Bank deliberately and intestinally violated 11 U.S.C. § 362, because the defendant and its attorneys knew that all documents of assignments of the mortgage, the mortgage itself, describes the property of the loan as lot 22 and 23.and furthermore that was the way in which the mortgage property was alleged in every complaint seeking to foreclose prior to the complaint quieting the tile.

59. Quieting the title complaint constitutes fraud on the superior court of New Jersey that the defendant is pursuing in violation of the bankruptcy code.

60. Lots 20 and 21were not subject to the order lifting the bankruptcy stay on 9/17/2018 because that order addressed only lots 22 & 23, as per the motion of U.S. Bank. Furthermore, U.S. Bank and the proof of claim filed by it. Furthermore, U. S. had no valid claim on lots 20 & 21 since these lots were not subject to the mortgage.

61. The unlawful transactions on the part of U.S. Bank is rendered null and void its claim on lots 20 and 21 pursuant to 11 U.S.C. § 506(d), section 501, 502 (a).

62. Under rule 11 U.S.C. § 362 the court should declare void any judgment or decision by any other court involving lots 20 & 21.  Further, the court should deny any claim of U.S. Bank to lots 20 & 21 because any such claim was not made part of their proof of claim, and defendant is out of time to file a proof of claim, as such claim was barred subsequent to December 31, 2018 the deadline to file proof of claims.

63. As a direct result of all the above-stated violations of the bankruptcy codes, the deception, and fraud on the state court the plaintiff has suffered damages proximately caused by the wrongful actions of the Defendant.

**WHEREFORE**, The Plaintiff demands that the court enter judgment against the defendant declaring void any judgment granting ownership, possession, and foreclosure on the property of

11

lots 20 and 21 located at 5-06 Elizabeth St. Fairlawn New Jersey together with sanctions, including cost of litigation, attorneys fees, expenses, interest, compensatory, consequential and if applicable punitive damages and any other remedies that the court deems just and equitable.

## SECOND CAUSE OF ACTION

## VIOLATION OF Fed. R. Bankr. P. 3004

64. Plaintiff incorporates all paragraphs set forth hereinabove and incorporates all paragraphs in his declaration including exhibits.

65. Under Federal Rules of Bankruptcy Procedure § 3004 no timely proof of claim was filed by U.S. Bank and its purported lien is therefore void.

**WHEREFORE**, The Plaintiff demands that the court enter judgment against the defendant declaring void any judgment granting ownership possession of foreclosure on the property of lots 20 and 21 located at 5-06 Elizabeth St. Fairlawn New Jersey together with sanctions, including cost of litigation, attorneys' fees, expenses, interest, compensatory, consequential and if applicable and any other remedies that the court deems just and equitable

## THIRD CAUSE OF ACTION

## DAMAGES PURSUANT TO 11 U.S.C. § 362(K)

## (WILLFUL VIOLATION OF THE STAY)

66. Plaintiff incorporates all paragraphs set forth hereinabove and incorporates all paragraphs in his declaration including exhibits.

67. Under 11 U.S.C. § 362(k)(1) and *In re Grinspan* (2019; E.D. N.Y.) 597 BR 725, plaintiff, due to U.S. Bank's willful violation of the bankruptcy stay, as is set forth hereinabove and in plaintiff's declaration, "shall recover actual damages, including costs and

12

attorneys' fees and, in appropriate circumstances, may recover punitive damages".
Plaintiff is entitled to actual damages, including costs and attorneys' fees.

68. U.S. Bank's actions, as set forth hereinabove and in the plaintiff's declaration, constitute a willful violation of the bankruptcy stay that was malicious and done in bad faith. Plaintiff is entitled to punitive damages under § 362(k)(1) and *In re Jean-Francois* (2015; E.D. N.Y.) 532 BR 449, 454.

**WHEREFORE**, The Plaintiff demands that the court enter judgment against the defendant declaring void any judgment granting ownership possession of foreclosure on the property of lots 20 and 21 located at 5-06 Elizabeth St. Fairlawn New Jersey together with sanctions, including cost of litigation, attorneys fees, expenses, interest, compensatory, consequential and if applicable punitive damages and any other remedies that the court deems just and equitable plaintiff is entitled to actual damages under § 362(k)(2).

February 5, 2021                              */s/ **Tomas Espinosa, Esq.***
                                              Tomas Espinosa Esq.